NOTICE
Decision filed 12/02/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230126-U

NO. 5-23-0126

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 11-CF-684 |
| | ) | |
| LATOSHA CUNNINGHAM, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court.
Justices Barberis and Vaughan concurred in the judgment.

**ORDER**

¶ 1     *Held*: The circuit court erred in dismissing the defendant's postconviction petition at the second stage of the postconviction proceedings where the defendant has rebutted the presumption of reasonable assistance of postconviction counsel. The order of dismissal is vacated, and the cause is remanded with directions.

¶ 2     Following a stipulated bench trial, the defendant, Latosha Cunningham, was convicted of first degree murder and sentenced to 60 years in prison. The defendant filed a *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)), seeking relief from her conviction. The circuit court appointed counsel to represent the defendant in her postconviction proceeding. Subsequently, the circuit court dismissed the postconviction petition at the second stage of the proceeding, and the defendant appealed. On appeal, the defendant argues that she was denied reasonable assistance of counsel because her postconviction counsel failed to

1

adequately investigate or amend the petition to avoid the procedural bar of waiver and failed to address the issue of whether the postconviction petition was filed timely. For the following reasons, we vacate the circuit court's judgment and remand the case with instructions.

¶ 3                                     I. BACKGROUND

¶ 4     An overview of the facts and the procedural history of the case was set forth in our disposition of the defendant's direct appeal. See *People v. Cunningham*, 2017 IL App (5th) 140162-U. Accordingly, we recite only those facts necessary for the disposition of this appeal.

¶ 5     On August 16, 2012, prior to trial, the defendant's pretrial counsel, Thomas Q. Keefe III (Keefe), filed a motion to suppress the defendant's statements, including her confession, made during her interrogation with the police. The circuit court, with former Judge Michael N. Cook presiding, held a hearing on the defendant's motion to suppress. During the hearing, Keefe argued that the defendant's statements should be suppressed because she had invoked her right to remain silent during the interrogation, and the investigating officers disregarded her invocation. Keefe also argued that the defendant's statement was involuntary because during the questioning of the defendant, she became ill and required immediate medical attention. The defendant further alleged that the police officers represented to her that she was required to speak to them. After considering arguments from counsel, Judge Cook found that the defendant had not invoked her right to remain silent and that all of her statements were voluntarily made.

¶ 6     On April 12, 2013, the circuit court allowed the defendant's motion for substitution of counsel, and private counsel, Robert Bas (Bas), entered his appearance for the defendant. On May 23, 2013, the State filed a motion to substitute Judge Cook for cause, claiming that he was prejudiced against the State for "reasons enumerated in the Motions to Substitute Judge for Cause filed in People v. Deborah Perkins (12CF1263) and People v. Douglas Oliver (12CF1261)." As a

2

result, Judge Cook was removed from the case and Judge Robert Haida was assigned to the proceedings.

¶ 7     On October 7, 2013, Judge Haida conducted a stipulated bench trial. Following the bench trial, the defendant was convicted of first degree murder. She was sentenced to a prison term of 60 years and 3 years' mandatory supervised release.

¶ 8     Subsequently, the defendant filed a direct appeal of her first degree murder conviction. On appeal, the defendant argued that her statements should have been suppressed because she had invoked her right to remain silent and the investigating officers did not honor her request. This court found that the denial of the defendant's motion to suppress was not against the manifest weight of the evidence. *Cunningham*, 2017 IL App (5th) 140162-U.

¶ 9     Subsequent to the appeal, on May 21, 2021, the defendant filed a *pro se* postconviction petition. In her petition, the defendant alleged, *inter alia*, that her due process rights had been violated because Judge Cook, who had presided over the motion to suppress hearing, had been asleep at times during the hearing. She claimed that she had brought this fact to the attention of her counsel, but Keefe replied that the judge was paying attention. The defendant also alleged that she had informed her trial counsel, Bas, of this information. The defendant further contended that her counsel provided ineffective assistance because he failed to "make a proper complaint to the courts" that Judge Cook was asleep during portions of the motion to suppress hearing. In support of this contention, she attached a letter she had written to the Judicial Inquiry Board that indicated Judge Cook had been using drugs, including cocaine and heroin, which affected his judgment and his ability to perform his judicial duties. The defendant also attached a letter from Bas, dated November 19, 2013. In the letter, Bas indicated that his investigation showed that no audio or video recording existed from the motion to suppress hearing. The defendant also attached two

3

news articles that reported Judge Cook's resignation due to federal firearm and drug charges and his two-year prison sentence for those charges. The circuit court advanced the petition to second-stage proceedings and appointed counsel.

¶ 10    The defendant's appointed counsel, Van-Lear P. Eckert (Eckert), filed an amended postconviction petition, and alleged that the defendant was denied due process and equal protection because of Judge Cook's generally known drug use and the fact that Judge Cook was under federal investigation for heroin and weapons charges. Eckert further contended that one of the investigating officers, who had obtained the defendant's confession, was also connected to the "drug ring which eventually led to Judge Michael Cook's arrest and conviction." Additionally, Eckert asserted that the defendant's petition had been timely filed.

¶ 11    Eckert filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). In the certificate, Eckert asserted that he had met with the defendant and her family; he had reviewed the court record; and he had made any amendments to the *pro se* postconviction petition that were necessary to adequately present the defendant's contentions.

¶ 12    In response to the defendant's amended postconviction petition, the State filed a motion to dismiss. The State argued, *inter alia*, that the *pro se* and amended petitions were not timely filed and there was no reason provided to show an absence of culpable negligence by the defendant. Further, the petitions did not contain a claim of actual innocence.

¶ 13    On February 23, 2023, the circuit court held a hearing on the State's motion to dismiss. During the hearing, the State argued that the defendant's postconviction petition was not timely filed. The State informed the court that the petition should have been filed by December of 2018, but that it was not mailed until May 3, 2021. The State further argued that the defendant could not overcome the timeliness issue because the defendant had not provided any explanation to show

4

the absence of culpable negligence or claim of actual innocence. The State also argued that the appellate court found that the defendant's statement was voluntary, and the circuit court properly denied the motion to suppress; therefore, the defendant's allegations were barred by *res judicata*. Finally, the State argued that the contentions raised regarding Judge Cook's misconduct were waived because they were not raised during the defendant's direct appeal.

¶ 14    Eckert argued that the defendant was denied her constitutional rights because of Judge Cook's misconduct during the motion to suppress hearing, and had the defendant's statements been suppressed, the outcome of the proceedings could have been significantly different. Following Eckert's argument, the circuit court questioned him about the amended petition. The circuit court asked Eckert about the timeliness of the postconviction petition because it was filed 2½ years past the deadline and that the defendant did not allege a lack of culpable negligence. Eckert could not provide the circuit court with a clear explanation as to why the defendant had not timely filed her petition or why she had not raised this issue regarding Judge Cook during her direct appeal. Eckert informed the court:

> "Your Honor, I honestly can't speak to why Ms.—you know, other than I know ignorance of the law is no excuse, but I can't speak to why [the defendant] did or did not file that petition. She has certainly taken all the necessary steps to do everything up to that point, so I can't speak to why she would not have filed her post-conviction petition when she got the decision back from the [Illinois] Supreme Court that they had denied certiorari."

¶ 15    The circuit court also inquired as to whether the issue of Judge Cook's misconduct was waived, as argued by the State, because the issue was not raised in a posttrial motion or on appeal. In response, Eckert stated:

> "Well, I certainly understand [the State's] argument. And I—again, I can't speak to what [the defendant] was thinking. I don't know what she did or didn't know at that time.

Your Honor, in speaking with my client about that very issue, she was advised at the time that she had to wait until after she had actually been convicted in order to file any sort of pleading related to—post-conviction pleading related to Mr. Cook— to Judge Cook and the investigation and his ongoing drug use. And I know that she did take it upon herself to file the Notice of Appeal obviously to the Fifth District. She even went to the next step of even trying to get it in front of the Illinois Supreme Court. That was denied. I don't.

Your Honor, she's saying that she did raise concerns about Mr. Cook's behavior at the time of the hearing and even after the hearing. And whether or not she was under the misunderstanding that her attorney was going to do something, I'm not sure, but I can't speak to anything other than what she's telling me, which is what's raised by our amended petition is what she actually experienced. Why she didn't raise it in any of her pleadings before the appellate court or why she didn't have somebody file something on her behalf prior to today, I don't know, Your Honor. But I can only tell you what she verified as to this pleading is what she experienced and what we believe is a basis for a denying their motion to dismiss."

¶ 16 After considering the arguments of counsel, the circuit court decided that the defendant's petition should be dismissed because it was filed untimely. Further, the circuit court found that the defendant failed to establish that the late filing was not a result of the defendant's own culpable negligence. Following these findings, the circuit court also found that the defendant had waived the issues related to Judge Cook and the motion to suppress hearing because they had not been raised in a posttrial motion or on direct appeal. Alternatively, the circuit court found that even if the issues had not been waived, the appellate court had affirmed Judge Cook's decision to deny the defendant's motion to suppress. This appeal followed.

¶ 17                                    II. ANALYSIS

¶ 18 On appeal, the defendant argues that she was denied reasonable assistance of counsel under Illinois Supreme Court Rule 651(c) where postconviction counsel failed to adequately investigate or amend the postconviction petition to avoid the procedural bar of waiver and to address the issue of timeliness.

6

¶ 19    The Act provides a three-stage process for defendants to challenge their convictions based upon a substantial denial of their constitutional rights. 725 ILCS 5/122-1(a)(1), 122-2.1(a), (b) (West 2020). At the first stage, the circuit court may dismiss a postconviction petition that is "frivolous" or "patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2020). The petition advances to the second stage if (1) the facts alleged in the petition state an arguable claim of constitutional deprivation or (2) the court fails to rule on the petition within the statutory 90-day period, regardless of the petition's merit. *People v. Huff*, 2024 IL 128492, ¶ 19.

¶ 20    At the second stage, counsel may be appointed to assist an indigent defendant. 725 ILCS 5/122-4 (West 2020). Also, at the second stage, after postconviction counsel has made any necessary amendments to the petition, the State may file a motion to dismiss. *People v. Wheeler*, 392 Ill. App. 3d 303, 308 (2009). "If the State moves to dismiss, the trial court may hold a dismissal hearing, which is still part of the second stage." *Wheeler*, 392 Ill. App. 3d at 308 (2009). If the petition fails to make a substantial showing of a constitutional violation, it is dismissed. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001).

¶ 21    In postconviction proceedings, the right to counsel is statutory. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). The Act provides that a defendant is only entitled to a "reasonable" level of assistance. *Perkins*, 229 Ill. 2d at 42. In order to ensure that defendants receive reasonable assistance, Rule 651(c) outlines the specific duties of postconviction counsel. *Perkins*, 229 Ill. 2d at 42. Under Rule 651(c), postconviction counsel is required to (1) consult with the defendant by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights; (2) examine the record of the trial proceedings; and (3) make any amendments to the *pro se* petition filed that are necessary to adequately present the defendant's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Postconviction counsel's duty is to present the

7

defendant's claims in a legally proper format, which includes making amendments to the petition in order to avoid a procedural bar. See *People v. Addison*, 2023 IL 127119, ¶ 27, see also *People v. Milam*, 2012 IL App (1st) 100832, ¶ 35.

¶ 22    To show compliance with Rule 651(c), counsel may file a certificate. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).[1] If postconviction counsel files a facially valid 651(c) certificate, it creates a rebuttable presumption that postconviction counsel acted reasonably and complied with the rule. *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 25. This court reviews postconviction counsel's substantial compliance with the requirements of Rule 651(c) *de novo*. *People v. Smith*, 2020 IL App (1st) 181220, ¶ 13. If counsel fails to substantially comply with Rule 651(c), we must remand without addressing the petition's claims on the merits. *Addison*, 2023 IL 127119, ¶ 33.

¶ 23    The defendant first contends that her postconviction counsel, Eckert, provided unreasonable assistance because he failed to adequately shape the defendant's due process claim into an appropriate legal form to avoid waiver. More specifically, the defendant argues that Eckert failed to amend the postconviction petition to allege that trial counsel, Bas, was ineffective in his representation for failing to raise the issue of Judge Cook's misconduct in a posttrial motion. The defendant alleges that such an amendment was required to avoid waiver of that issue. The State responds that Eckert was only required to investigate and properly present the defendant's claims. We agree with the defendant.

¶ 24    In the *pro se* petition, the defendant had alleged her due process rights were violated because Judge Cook, who presided over the motion to suppress hearing, was sleeping at times during the hearing and was under the influence of heroin or other drugs. The defendant also

---

[1]While a certificate is not required to be filed, the record must show that postconviction counsel has complied with the requirements of the rule. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

contended that both her motion counsel, Keefe, and trial counsel, Bas, provided ineffective assistance of counsel because counsel failed to "make a proper complaint to the courts" that Judge Cook was asleep during portions of the hearing. The defendant noted that she had informed Keefe and Bas of Judge Cook's misconduct during the trial proceedings.

¶ 25    In the amended petition, Eckert alleged that the defendant was denied her rights to due process and equal protection because Judge Cook's ongoing drug use and the federal investigation "infected the proceedings." Eckert did not include any allegations of ineffective assistance of counsel against Keefe or Bas in the amended petition for their failure to raise the issues related to Judge Cook during the trial proceedings or in a subsequent posttrial motion.

¶ 26    The State argued in its motion to dismiss and at the hearing that the defendant had waived the issue of Judge Cook's misconduct. During the hearing on the State's motion, Eckert informed the court that the defendant had raised concerns about Judge Cook, but was told that she could not file any pleadings until after she was convicted. At the conclusion of the hearing, the circuit court decided that if the petition was not dismissed as untimely, any issues of misconduct by Judge Cook were waived because they were known to the defendant before trial and were not raised in a posttrial motion or on appeal.

¶ 27    On appeal, the State concedes that since facts surrounding Judge Cook's drug use were not found in the record, those issues could not have been raised on direct appeal. Therefore, the State agrees that this claim was properly raised for the first time in a postconviction petition.

¶ 28    In order to avoid waiver at the second stage, Eckert needed to explain that the defendant's motion counsel, Keefe, or trial counsel, Bas, rendered ineffective assistance of counsel when they failed to raise Judge Cook's misconduct. Eckert's duty to present the defendant's claim in a proper legal form included making amendments to overcome procedural bars that would result in the

9

dismissal of a petition if not addressed. *Addison*, 2023 IL 127119, ¶ 27; *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 21. Here, Eckert did not amend the petition to allege that either Keefe or Bas provided ineffective assistance of counsel, despite the defendant having provided information to support that argument. Therefore, we find that the defendant has rebutted the presumption that Eckert fulfilled his duties as required by the rule to provide reasonable assistance of counsel.

¶ 29    Having determined that postconviction counsel did not properly amend the defendant's postconviction petition, we next address the timeliness issue, which was the primary basis for the circuit court's dismissal of the petition. Under the Act, a petition in a noncapital case must be filed no longer than 6 months after the 35-day period to file a petition for leave to appeal to the supreme court has passed. 725 ILCS 5/122-1(c) (West 2020). If a postconviction petition is not timely filed, the Act requires that the defendant allege facts showing the delay was not due to his or her culpable negligence. 725 ILCS 5/122-1(c) (West 2020).

¶ 30    Where the issue of timeliness arises, postconviction counsel must "allege available facts on the lack of culpable negligence to avoid the procedural bar of untimeliness." *Perkins*, 229 Ill. 2d at 44. Generally, postconviction counsel will discover any potential excuse for the delayed filing of the petition by speaking with the defendant; but postconviction counsel must also allege any excuse for the delayed filing which is apparent from the pleadings and portions of the record counsel is obligated to review in order to present the defendant's claims. *Perkins*, 229 Ill. 2d at 49-50.

¶ 31    The defendant argues that she was denied reasonable assistance of counsel under Illinois Supreme Court Rule 651(c) where Eckert failed to adequately investigate or amend the petition to address the issue of timeliness. The defendant points to the amended petition, which did not contain facts or argument explaining that the late filing was not due to the defendant's culpable negligence.

10

Further, the amended petition asserted that the petition was timely. The defendant also argues that even after the State raised the issue of timeliness in its motion to dismiss, Eckert failed to address the issue by either filing an amendment to the petition or providing an explanation during argument at the hearing on the motion to dismiss.

¶ 32   As to the issue of whether the *pro se* petition was filed in a timely manner, we find that remand is required because the record is not clear whether Eckert substantially complied with Rule 651(c) and provided reasonable assistance. The Rule 651(c) certificate filed by postconviction counsel indicated that he met with the defendant and her family on September 24, 2021; postconviction counsel examined the court record, including the transcripts, briefs, and accompanying affidavits; and postconviction counsel made any amendments to the *pro se* petition that were necessary for an adequate presentation of the defendant's contentions. He then filed an amended postconviction petition alleging that the filing of the petition was timely.

¶ 33   Our own review of the record reveals that Eckert's statement at the motion to dismiss hearing demonstrates that counsel could not provide the circuit court with an explanation regarding the timeliness issue and could not explain why the defendant was not culpably negligent in failing to file the petition in a timely manner. Notably, on appeal, the defendant has not identified anything in the record or suggested any amendment that counsel could have made to her petition that would excuse the untimely filing. Thus, the record is not adequately developed to allow us to determine why Eckert claimed the petition was timely, or, alternatively, if untimely, why he did not amend the petition to allege the lack of the defendant's culpable negligence in the filing of her petition.

¶ 34   We are convinced that Eckert failed to provide reasonable assistance of counsel under Rule 651(c) where he did not amend the *pro se* postconviction petition to allege ineffective assistance of counsel at the trial court level to avoid waiver of the claim regarding Judge Cook's misconduct.

11

It is unclear whether he discussed the issue of timeliness with the defendant. As Eckert failed to substantially comply with Rule 651(c), we must remand without addressing the amended petition's claims on the merits. *Addison*, 2023 IL 127119, ¶ 33.

¶ 35                                   III. CONCLUSION

¶ 36    For the foregoing reasons, we vacate the judgment of the St. Clair County circuit court. The matter is remanded for second-stage postconviction proceedings with new counsel appointed to represent the defendant and with leave to amend the petition to properly present the defendant's contentions.

¶ 37    Vacated and remanded.