2021 IL App (1st) 180812-U
No. 1-18-0812
Order filed June 28, 2021

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, )<br><br>Respondent-Appellee, )<br>)<br>v. )<br>)<br>KENDRO EARL, )<br>)<br>Petitioner-Appellant. ) | Appeal from the Circuit Court<br>Of Cook County.<br><br>No. 05 CR 25375<br><br>The Honorable<br>Alfredo Maldonado,<br>Judge Presiding. |

PRESIDING JUSTICE WALKER delivered the judgment of the court.
Justice Hyman and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1        *Held*:  We reverse the second-stage dismissal of defendant's post-conviction petition as to the excessive sentence claims. The circuit court shall conduct a third-stage evidentiary hearing and consider the *Miller* factors.

¶ 2        Petitioner Kendro Earl appeals from the circuit court's denial of his third stage petition for relief pursuant to the Post-Conviction Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016). The petition, filed by new counsel, alleged ineffective assistance of trial counsel and an excessive sentence because the sentence did not consider Earl's age and lack of criminal background.

After a second stage hearing, the circuit court dismissed the excessive sentence claim, but advanced the petition for a third stage evidentiary hearing on the issue of ineffective assistance of trial counsel. During the hearing, Earl testified his trial counsel informed him that the State offered 28 years, which Earl rejected because he believed the maximum sentence was 30 years. Earl's trial counsel stated that 30 years was not the maximum because the aggravated criminal sexual assault carries up to 30 years, and with the firearm enhancement, the maximum was 45 years just on the one charge. The circuit court found trial counsel credible and denied the post-conviction petition. Earl now argues that his post-conviction counsel provided unreasonable assistance by failing to amend the post-conviction petition to challenge his 47-year sentence based on *Miller v. Alabama*, 576 U.S. 460 (2012), and its progeny. We affirm the circuit court's denial of the post-conviction petition as to ineffective assistance of trial counsel. We reverse the circuit court's second stage dismissal of the excessive sentence claim.

¶ 3                                   I. BACKGROUND

¶ 4        Following a bench trial before the Honorable Clayton J. Crane, Earl was convicted of aggravated criminal sexual assault, home invasion, and attempt aggravated criminal sexual assault. He was sentenced to consecutive terms of 30 years for aggravated criminal sexual assault (15 years plus 15-year firearm enhancement), 10 years for home invasion, and 7 years for attempt aggravated criminal sexual assault. Earl appealed his conviction based on sufficiency of evidence and excessive sentence due to his age and lack of felony background. This court affirmed Earl's conviction and found no abuse of discretion in sentencing. *People v. Earl*, No. 08-2953 (1st Dist. 3rd Div. December 20, 2010) Unpublished Order Pursuant to Illinois Supreme Court Rule 23.

¶ 5        Earl retained T. Lee Boyd to file a post-conviction petition on his behalf. The petition claimed that Earl received ineffective assistance of counsel because trial counsel failed to advise Earl of the penalties of going to trial; interview essential witnesses; and argue the previously filed motion to suppress. On September 2, 2011, the petition was dismissed as frivolous and without merit. Subsequently, Boyd filed a motion to reconsider. On September 30, 2011, the circuit court reconsidered its decision to dismiss the petition and allowed Boyd to refile the petition on Earl's behalf.  The circuit court stated:

> "[w]hen you refile the petition, I will treat it as an original filing and therefore
>
> for the first – and the first 90 days of that situation is for the Court's review and
>
> there's no input by either side in that situation. And I will determine whether or
>
> not it's appropriate to move on to the second stage."

During the proceeding, Boyd became seriously ill and eventually died.

¶ 6        Attorney Crystal Brown appeared as post-conviction counsel for Earl on June 5, 2012. Brown filed an amended post-conviction petition on August 26, 2013 claiming the sentence was excessive because it did not consider Earl's age and lack of a criminal background. The petition also alleged that both trial and appellate counsel were ineffective. On April 11, 2014, Brown filed a Rule 651(c) Certificate. The State filed a motion to dismiss the petition on September 16, 2014, and Earl filed a response on March 13, 2015. On May 1, 2015, second-stage proceedings were held regarding the State's motion to dismiss.

¶ 7        Brown argued:

> "With regards to our claim of excessive sentence, your Honor, for instance the facts
>
> of the fundamental fairness [do] require that the court grant our request for an

3

evidentiary hearing here with regards to that matter. And as I set forth in the petition, your Honor, my client's sentence was excessive. And in light of the fact that he was -- this was his first adult -- assert that there was overwhelming evidence of course -- don't agree with evidence of his guilt.

And that then goes to his actual sentence itself. And in addition to the fact that, you know, respectfully the Court didn't properly consider all of the different aspects of the defendant's age, his demeanor, his habits, his mentality, his credibility, his criminal history, his character, his social environment and his affectation and how the Court ruled in this particular case in granting the defendant a sentence of 47 years for an offence in which he was 18 years when he was arrested."

After argument, the circuit court granted the State's motion to dismiss regarding the excessive sentence claim but advanced the petition for a third stage evidentiary hearing on the issue of ineffective assistance of trial counsel. On February 2, 2017, Brown became employed with the Public Defender's Office and asked for leave to withdraw as post-conviction counsel pursuant to the request of Earl's family. The court allowed Brown to withdraw from the case.

¶ 8        On February 2, 2017, attorney Richard Drovak appeared as counsel for Earl, and on March 21, 2018, an evidentiary hearing was held on the claim that Earl's trial counsel, Richard Kruss, provided ineffective assistance. Earl claimed Kruss informed him that the State offered 28 years, but Earl believed the maximum sentence was 30 years. Kruss testified that he was the assistant public defender representing Earl. When questioned about the consecutive sentencing Kruss stated:

I don't have a specific recollection of that conversation because it was 10 years ago, but I know that I would have done that. I've done that with every other client I've represented the last 10 years. I would have advised him of what could happen if they go to trial and they're found guilty of all the charges.

Kruss did recall participating in a 402 conference on behalf of Earl. When asked if 30 years was the maximum sentence Earl could have received, Kruss said:

No. The maximum could have been significantly higher than that because the aggravated criminal sexual assault charges, most of them were 6 to 30 years, but there was one that had a firearm enhancement for which the minimum was 21 years and the maximum was 45. So even if he had no other charges, he could have gotten up to 45 years just on the aggravated criminal sexual assault charges alone; then he also, on top of that, had home invasion charges which, if he were found guilty of aggravated criminal sexual assault and home invasion, the home invasion would have to be consecutive to the aggravated criminal sexual assault, so his maximum was a lot higher than 30 years.

The circuit court found Kruss's testimony credible and denied Earl's petition for post-conviction relief because Earl did not state a sufficient basis for relief. Earl filed a timely notice of appeal.

¶ 9                                    ANALYSIS

¶ 10         On appeal, Earl argues that by failing to amend his post-conviction petition to challenge his 47-year sentence based on *Miller*, his post-conviction counsel provided unreasonable

5

assistance that resulted in his claim being dismissed as *res judicata*. Earl asks this court to remand for further post-conviction proceedings with the appointment of new counsel, or alternatively grant him a new sentencing hearing.

¶ 11    The Act allows a person serving a criminal sentence to challenge his conviction for violations of the United States or Illinois constitutions. *People v. Tate*, 2012 IL 112214, ¶ 8. If a defendant does not file a direct appeal, the post-conviction petition must be filed no later than three years from the date of conviction, unless he alleges facts showing that the delay was not due to his culpable negligence. 725 ILCS 5/122-1(c) (West 2012). In cases not involving the death penalty, the Act provides a three-stage process for adjudicating post-conviction petitions. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001).

¶ 12    "The Act provides for a reasonable level of assistance." *People v. Flores,* 153 Ill. 2d 264, 276, (1992). Illinois Supreme Court Rule 651(c) requires that post-conviction counsel (1) consults with petitioner by phone, mail, electronic means, or in person to ascertain his or her contentions of deprivation of constitutional rights; (2) examine the record of the proceedings at the trial; and (3) make any amendments necessary to the pro se petition to adequately present petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). At the first stage, the circuit court has 90 days to review the petition and determine whether "the petition is frivolous or is patently without merit." *Id.* If the circuit court does not summarily dismiss it within that period, then the petition advances to the second stage. *People v. Domagala*, 2013 IL 113688, ¶ 33.

¶ 13    At the second stage, the circuit court may appoint counsel who may amend the petition to ensure the defendant's contentions are adequately presented. *People v. Pendleton*, 223 Ill. 2d 458, 472, (2006). Also, at the second stage, the State may file an answer or move to dismiss

the petition. 725 ILCS 5/122-5 (West 2016). A petition may be dismissed at the second stage "only when the allegations in the petition, liberally construed in light of the trial record, [**8] fail to make a substantial showing of a constitutional violation." *People v. Hall*, 217 Ill. 2d 324, 334, (2005). If a substantial showing of a constitutional violation is established, "the petition proceeds to the third stage for an evidentiary hearing." *People v. Harris*, 224 Ill. 2d 115, 126, (2007).

¶ 14        "[T]he Illinois Supreme Court 'has consistently held that remand is required where post-conviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the pro se petition, regardless of whether the claims raised in the petition had merit.'" *People v. Schlosser*, 2012 IL App (1st) 092523, ¶30, (quoting *Suarez*, 224 Ill. 2d at 47). The purpose of the rule is to ensure that post-conviction counsel shapes the defendant's claims into a proper legal form and presents them to the court. *People v. Perkins*, 229 Ill.2d at 34 (2007).

¶ 15        A claim that a defendant was denied effective assistance of counsel is governed by the familiar two-pronged test established in *Strickland*. *People v. Brown*, 2017 IL 121681, ¶ 25. Under *Strickland*, counsel is constitutionally ineffective where his representation was objectively unreasonable, and this deficient performance prejudiced the defendant. *Id*. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v. Hale*, 2013 IL 113140, ¶ 18 (quoting *Strickland*, 466 U.S. at 694). A petitioner must satisfy both prongs of the *Strickland* test. *People v. Henry*, 2016 IL App (1st) 150640, ¶ 53. A

failure to establish either prong is fatal to petitioner's claim. *People v. Easley*, 192 Ill. 2d 307, 318 (2000).

¶ 16    Earl cites *Miller* and its progeny, as well as the Illinois Supreme Court decision in *People v. Harris*, 2018 IL 121932, to claim that Brown was required to amend Earl's petition to include watershed case-law. In response, the State contends that *Miller* limits its Eighth Amendment protections to those offenders under the age of 18 and that the Illinois Supreme Court has not recognized any adult's Eighth Amendment *Miller*-based challenge. *Harris*, 2018 IL 121932, ¶61. While *Harris* did foreclose any eighth amendment argument, it pointedly left open the applicability of the Illinois Constitution. *People v. Ruiz*, 2020 IL App (1st) 163145, ¶ 33 (citing *People v. Harris*, 2018 IL 121932, ¶ 48).

¶ 17    Earl also relies on *People v. Milam*, 2012 IL App (1st) 100832, ¶ 33. In *Milam*, this court found that where it was necessary to overcome procedural bars, post-conviction counsel violated Rule 651(c) when he failed to frame the petitioner's claims in the context of appellate counsel's ineffectiveness. *Id.* at ¶¶ 34-37. The court found that the counsel's failure to amend the petition prevented the court from ruling on the merits. *Id.* at ¶ 36.

¶ 18    Here, unlike *Milam*, Earl does not contend that the circuit court was barred from considering the merits of his claim, nor is there any evidence to suggest that was the case. Instead, Earl claims that by failing to include additional juvenile case law established by *Miller*, he was deprived of reasonable assistance guaranteed by Rule 651 (c). The State contends that Brown's performance was reasonable "as evidence by the filing of a Rule 651 (c) certificate." See *People v. Mendoza*, 402 Ill.App.3d 808, 816–17, (2010) (the defendant's claim was improper on appeal where he made a general claim of unreasonable assistance of counsel but

did not allege counsel's failure to comply with Rule 651(c)). There is no evidence in the record to demonstrate that either post-conviction counsel failed to construe the petition in a way that represents Earl's contentions. See *People v. Johnson*, 154 Ill.2d 227, 237–38, (1993) (post-conviction counsel must shape the defendant's *pro se* claims into "appropriate legal form.").

¶ 19    When Attorney Drovak appeared on behalf of Earl, Earl's post-conviction petition had already advanced to a third stage evidentiary hearing solely on the issue of ineffective assistance of trial counsel. The record does not demonstrate any representation that was objectively unreasonable and prejudiced Earl. Furthermore, at this stage in the proceeding, Drovak was under no duty to include *Miller*-based arguments as the excessive sentence claim had already been dismissed at the second stage.

¶ 20    When Attorney Brown was retained by Earl, Brown filed an amended post-conviction petition to include claims that trial and appellate counsel were ineffective and that the sentence was excessive because it did not consider Earl's age and lack of a criminal background. Earl claims that Brown's failure to make a *Miller*-based argument resulted in deficient performance that prejudiced him. We disagree.

¶ 21    In *People v. Minniefield*, the defendant raised a single-issue claim identical to Earl's excessive sentence claim. *Minniefield*, 2020 IL App (1st) 170541, ¶ 31. The defendant also claimed "in light of recent law and developing science, his sentence of 50 years without the possibility of parole was unconstitutional as applied to him, where he was only 19 years old at the time of the offense, with no violent criminal history or gang affiliation and with a stable family and work history." *Id*. This court found that defendant could not have anticipated the line of cases expanding *Miller*. *Id*

¶ 22    Brown filed the amended post-conviction petition August 26, 2013. Similar to *Minniefield*, at the time the post-conviction petition was filed, Brown could not have anticipated the line of case law expanding *Miller. See People v. Brewer* 2021 IL App (1st) 172314 ¶ 26 ("As in *Minniefield* and *Carrasquillo*, we find Brewer established cause in that when he filed his initial post-conviction petition in 2014, he could not have anticipated the line of cases expanding the holding of *Miller*."). Although Brown could not have foreseen the case law following *Miller*, Brown still presented *Miller*-based arguments during the second-stage proceedings arguing that the court failed to consider Earl's "age, his demeanor, his habits, his mentality, his credibility, his criminal history, his character, his social environment and his affectation and how the Court ruled in this particular case in granting the defendant a sentence of 47 years for an offence in which he was 18 years when he was arrested." It is clear from the record that Brown's performance was neither objectionably unreasonable, nor prejudicial to Earl. Therefore, we find Earl received reasonable assistance from post-conviction counsel.

¶ 23    In *People v. Buffer*, our supreme *court* found *Miller* applies to juvenile sentences, whether mandatory or discretionary. *Buffer*, 2019 IL 122327, ¶ 27, 43. The *Buffer* court held that, for a juvenile, a de facto life sentence was a sentence of 40 years or more. *Id* at ¶¶ 40-41. We have held that the Illinois Constitution prohibits a mandatory life sentence for a young adult offender who was 19 at the time of the offense. *People v. House*, 2019 IL App (1st) 110580-B, ¶¶ 63-65. "Both *Harris*, 2018 IL 121932, ¶¶ 45-46, and *People v. Thompson*, 2015 IL 118151, ¶¶ 38, recognized that 18-or 19-year-old offenders can present scientific evidence that their brains were like juvenile brains through the post-conviction process, to establish that *Miller's* juvenile sentencing protections apply." *People v. Brewer*, 2021 IL App (1st) 172314, ¶ 28.

¶ 24    The appropriate analysis is whether the circuit court failed to specifically consider "some variant of the *Miller* factors." *People v. Holman*, 2017 IL 120655, ¶ 40. In *Brewer,* this court held if defendant "demonstrated that the evolving science regarding juvenile brain development does apply to him, he would be entitled to a new sentencing hearing, not merely advancement to the second stage." *Brewer*, 2021 IL App (1st) 172314, ¶ 53 (*citing Franklin*, 2020 IL App (1st) 171628, ¶ 69 (reversing denial of leave to file defendant's *pro se* successive petition and remanding for further proceedings so trial court can "consider whether" "as applied to him, as someone under 21 years old, his sentence of natural life without the possibility of parole violates the proportionate penalties clause of our state.")).

¶ 25    As in *Brewer,* the record here "does not show that the trial court considered the attributes of young adulthood[.]"*Id* at ¶ 52 *(citing People v. Savage,* 2020 IL App (1st) 173135, ¶ 74*).* Earl was 18 years old at the time of the offense, struggled with learning disabilities, and took special education classes. Furthermore, this was Earl's first offense, and he was sentenced to a *de facto* life sentence. Earl has pled "enough facts to warrant further proceedings on his claim that the tenets of *Miller* apply to him." *People v. Bland*, 2020 IL App (3d) 170705, ¶ 14.

¶ 26                                  CONCLUSION

For the foregoing reasons, the judgment of the circuit court denying Earl's claim of ineffective assistance of counsel is affirmed, and the circuit court's order dismissing Earl's post-conviction petition as to the excessive sentence claims is reversed. This matter is remanded for a third-stage evidentiary hearing on Earl's excessive sentence claim, during which the circuit court shall consider the *Miller* factors.