2025 IL App (1st) 232428-U

SIXTH DIVISION

December 5, 2025

No. 1-23-2428

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05 CR 25375 01 |
| KENDRO EARL, | ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | Alfredo Maldonado, Judge, presiding. |

_____

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justice Hyman and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held:*    A sentence that provides a meaningful opportunity for release before serving 40 years in prison is not a *de facto* life sentence, and the circuit court's finding of severe bodily injury was not against the manifest weight of the evidence.

¶ 2    After a bench trial, Kendro Earl was convicted of five counts of aggravated criminal sexual assault, four counts of home invasion, and one count each of armed robbery, attempted aggravated criminal sexual assault, and criminal sexual assault. He was sentenced to 47 years' imprisonment for aggravated criminal sexual assault, home invasion, and attempted aggravated criminal sexual assault for the offenses he committed when he was 18 years old. On appeal, this court affirmed his convictions and sentence. *People v. Earl*, No. 1-08-2953 (1st Dist. 2010).

¶ 3    Earl filed a petition for postconviction relief, asserting he was denied effective assistance of counsel and that, as a young adult offender, his sentence violated the Illinois proportionate penalties clause under the principles set forth in *Miller v. Alabama*, 567 U.S. 460 (2012). The circuit court dismissed the sentencing claim at the second stage and denied relief on the ineffective assistance claim after a third stage evidentiary hearing. Earl appealed and this court affirmed the denial of the ineffective assistance claim but reversed the dismissal of the sentencing claim and remanded for a third stage evidentiary hearing. *People v. Earl*, 2021 IL App (1st) 180812-U.

¶ 4    On remand, Earl was sentenced to 43 years imprisonment. He filed a motion to reconsider sentence, which the circuit court denied. On appeal, Earl contends (1) his 43-year *de facto* life sentence violates the proportionate penalties clause and Illinois' youth parole statute does not cure the imposition of an otherwise unconstitutional sentence; and (2) the circuit court erred by imposing consecutive sentences where it found the victim sustained severe bodily injury. For the following reasons, we affirm.

¶ 5                                    I. BACKGROUND

¶ 6    At a bench trial, testimony revealed that around 5:00 p.m. on October 17, 2005, K.R. arrived at her apartment on the 5100 block of South Kenwood in Chicago. K.R. approached her front door carrying bags of groceries. She saw Kendro Earl standing about 20 feet away. As she unlocked the

door, Earl pointed a gun in her back and told her to open the door and not scream. K.R. stated that she entered the apartment with Earl and begged him not to kill her. Earl went through her purse and groped her. He held the gun on her and pushed her to the bedroom where he ordered her to remove her clothes and perform oral sex. He then demanded she remove her pants, get on the bed and bend over. K.R. begged Earl to stop but he retrieved the gun from the dresser and threatened to kill her. After Earl threatened her several times, the gun fell to the floor. Earl bent over to pick up the gun and K.R. struck him on the head with a bottle of hot sauce that was on her dresser. She jumped on Earl's back and bit him. A struggle ensued and they entered the kitchen. K.R. picked up a knife and stabbed Earl six or seven times on his right side. She retrieved the gun and hit Earl in the left side of his head. She ran out of the apartment and called a passerby for help. Earl fled but was apprehended by K.R.'s neighbor. Following the incident, K.R. went to the hospital, where the staff prescribed her a 28-day HIV prevention medication. The medication caused severe side effects, including diarrhea, nausea, and depression.

¶ 7    Chicago police detective Timothy Bolan questioned Earl after his arrest. Earl stated he believed sexual intercourse constituted rape, oral sex did not, and he was only trying to rob K.R., not rape her. Earl stated K.R. was unclothed because he was looking for money. The circuit court found Earl guilty of aggravated criminal sexual assault based on oral sex, home invasion, and attempted aggravated criminal sexual assault based on attempted vaginal sex. Earl was sentenced to 47 years in prison: 30 years for aggravated criminal sexual assault, which included a 15-year firearm enhancement, 10 years for home invasion, and seven years for attempted aggravated criminal sexual assault. Earl filed a motion to reconsider which was denied.

¶ 8    On appeal, Earl challenged the sufficiency of the evidence as to each conviction and argued his 47 year sentence was excessive and an abuse of discretion. *People v. Earl*, No. 1-08-2953 (1st Dist. 2010). His convictions and sentence were affirmed. *Id*.

¶ 9                                          Post Conviction Proceedings

¶ 10   Earl appealed from the circuit court's denial of his third stage post-conviction petition for relief. The petition alleged ineffective assistance of trial counsel and an excessive sentence because the court did not consider Earl's age and lack of a criminal background. After a second stage hearing, the court dismissed the excessive sentence claim but advanced the ineffective assistance of trial counsel claim to a third stage evidentiary hearing. The circuit court dismissed Earl's ineffective assistance claim at the evidentiary hearing. This court affirmed the dismissal of the ineffective assistance of trial counsel claim yet reversed the circuit court's dismissal of the excessive sentence claim and directed the court to consider the *Miller* factors. *People v. Earl*, 2021 IL App (1st) 180812-U.

¶ 11   On March 23, 2022, the circuit court entered an order for a new sentencing hearing and vacated Earl's sentence. A sentencing hearing was held on November 15, 2023. The court stated it would merge counts two through five into count one, count 12 would merge into count 11, and counts seven through 10 would merge into count six. For count 11, attempted aggravated criminal sexual assault, the court stated this was a Class 1 felony. Earl argued there was no severe bodily injury, therefore count 11 should run concurrent with count six, and counts six and 11 should run consecutive to count one. The court found the 28 day anti-HIV treatment side effects that K.R. experienced constituted severe bodily injury, triggering the mandatory consecutive sentencing.

¶ 12   Dr. Danielle Nesi testified that she interviewed Earl for two hours in April 2023. She administered the Adverse Childhood Experiences ("ACE") questionnaire. ACE can indicate the

impact on brain development. Earl's score was a nine out of 10, which indicated he suffered nine out of 10 traumas on the questionnaire. Earl's score showed he was exposed to a greater level of trauma than 99% of juvenile offenders. Earl was raised by a single mother that used crack cocaine, was sexually assaulted by a 22 year old, lived in one of the most dangerous neighborhoods in Chicago, had learning disabilities, did not speak until the fifth grade, was constantly exposed to violence, and started drinking at eight years old and using marijuana at the age of 12.

¶ 13   Dr. Nesi noted that adolescents who abused drugs were more immature and their frontal lobes were less developed. This led to worse executive functioning, more impulsiveness, learning problems, and a much younger chronological age. Dr. Nesi's opinion was that Earl's chronological age was much younger than 18 at the time of his offense.

¶ 14   In closing, the court stated it considered all nine of the *Miller* factors and agreed that even though Earl was 18, he was more like a juvenile than an adult. The court sentenced Earl to 43 years in prison and noted he was eligible for parole consideration. Earl filed a motion to reconsider sentence on November 28, 2023. He argued the sentence was excessive given his background, age, and rehabilitative potential. Specifically, he claimed the sentence violated the proportionate penalties clause and the court failed to consider that the parole statute does not provide a meaningful opportunity for release as it only permits defendants to apply for parole twice and they must wait 10 years between applications. The court denied the motion on December 7, 2023. This appeal followed.

¶ 15                               II. JURISDICTION

¶ 16   The circuit court denied Earl's motion to reconsider sentence on December 7, 2023. Notice of appeal was timely filed on December 7, 2023. Accordingly, this court has jurisdiction pursuant

to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI § 6) and Illinois Supreme Court Rules 603 (eff. Feb. 6, 2013) and 606 (eff. Dec. 7, 2023).

¶ 17                                    III. ANALYSIS

¶ 18    On appeal from the denial of his motion to reconsider sentence, Earl argues (1) his 43-year *de facto* life sentence violates the proportionate penalties clause and Illinois' youth parole statute does not cure the imposition of an otherwise unconstitutional sentence; and (2) the circuit court erred by imposing consecutive sentences where it found the victim sustained severe bodily injury.

¶ 19    The Proportionate Penalties Clause (Clause) states:

> "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. The Clause adds a limitation on penalties beyond those provided by the Eighth Amendment of the United States Constitution and adds the objective of restoring offender's to useful citizenship. *People v. Clemons*, 2012 IL 107821, ¶ 39.

¶ 20    Constitutional challenges to statutes may be facial or as applied. *People v. Harris*, 2018 IL 121932, ¶ 38. An as-applied challenge depends on certain facts and circumstances of the challenging party and must overcome the presumption the statute is constitutional by clearly demonstrating the statute invalid as-applied to him. *Id*. See *People v. House*, 2021 IL 125124, ¶ 18 (To overcome presumption the statute is constitutional, challenging parties must establish the statute is invalid as applied to them). We review *de novo* whether a sentence violates the eight amendment or proportional penalties clause. *People v. Cavazos*, 2023 IL App (2d) 220066, ¶ 67.

¶ 21    In *Miller v. Alabama*, 567 U.S. 460 (2012), the U.S. Supreme Court established the eighth amendment mandated sentencing courts "to have discretion in sentencing juveniles after considering the juvenile's youth and the attendant characteristics of youth." *People v. Barbosa*,

6

2024 IL App (1st) 221173-U, ¶ 18 (citing *People v. Clark*, 2023 IL 127273, ¶ 54.) Our supreme court expanded *Miller* so that prison sentences exceeding 40 years are included. *Barbosa*, 2024 IL App (1st) 221173-U, ¶ 19; See *People v. Buffer*, 2019 IL 122327, ¶ 41. Our supreme court also noted that *Miller* considered mandatory life sentences where the sentencing court lacked discretion to consider a juvenile offender's youth in imposing the harshest sentence available. *Clark*, 2023 IL 127273, ¶ 71. Accordingly, *Miller* is inapplicable to cases involving discretionary life sentences where the sentencing court retains the ability to consider the offender's youth and attendant characteristics. *Id*.

¶ 22    Here, Earl's claim fails because (1) the record shows the sentencing court considered his youth and attendant characteristics in imposing its discretionary sentence; and (2) he was sentenced under a statutory scheme that makes him eligible for parole before he spends more than 40 years in prison. *People v. Buffer*, 2019 IL 122327, ¶ 27. See *People v. Spencer*, 2025 IL 130015, ¶ 35 (defendant was sentenced under a statutory scheme that made him eligible for parole before he spent more than 40 years in prison); *People v. Dorsey*, 2021 IL 123010, ¶¶ 39, 50 (a prison sentence of 40 years or more constitutes a *de facto* life sentence).

¶ 23    Based on our supreme court's decision in *Spencer*, the availability of parole under section 5-4.5-115 of the Code of Corrections (730 ILCS 5/5-4.5-115 West 2020)) indicates that sentences greater than 40 years in prison do not amount to *de facto* life sentences. *People v. Spencer*, 2025 IL 130015, ¶ 40 ("the applicable sentencing scheme allows Spencer a meaningful opportunity to obtain release before he spends 40 years in prison"). See *People v. Kendrick*, 2023 IL App (3d) 200127, ¶ 43 (if the defendant has a reasonable opportunity for release before serving more than 40 years in prison, he has not received a *de facto* life sentence); *People v. Cavazos*, 2023 IL App (2d) 220066, ¶ 60 (the parole statute affords defendant's a meaningful opportunity for release

before serving a *de facto* life sentence); *People v. Elliot*, 2022 IL App (1st) 192294, ¶ 56 (defendant's 70 year sentence was not a *de facto* life sentence where defendant was eligible for parole review after serving 20 years of his sentence). We find that Earl's sentencing scheme allows him a meaningful opportunity to obtain release before he spends 40 years in prison; thus, he is not serving a *de facto* life sentence. *Id*.

¶ 24    Finally, Earl argues the circuit court abused its discretion by imposing mandatory consecutive sentences where the record did not support a finding of severe bodily injury. Specifically, he argues the court erred in finding the side effects K.R. suffered from taking anti-HIV medication for 28 days constituted severe bodily injury. Where a defendant is convicted of a Class X felony and is found to have inflicted "severe bodily injury" during the commission of that felony, consecutive sentencing is mandatory. 730 ILCS 5/5-8-4(d)(1) (West 2022). This court has held that "severe bodily injury" requires more than "great bodily harm". *People v. Alvarez*, 2016 IL App (2d) 140364, ¶¶ 23-24. Whether a bodily injury is "severe" is a question for the fact finder and we will only reverse that finding if it is against the manifest weight of the evidence. *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). "A finding is against the manifest weight of the evidence if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *Id*.

¶ 25    Here, at the original sentencing hearing on September 16, 2008, K.R. testified she had hair snatched out of her scalp, became withdrawn and went through long periods of depression. She explained the anti-HIV medication had severe side effects on her body. She could not eat anything, was weak, nauseous, had severe diarrhea, and lost 10 pounds during that 28 day period. At the resentencing hearing on November 15, 2023, K.R. explained she was still suffering from the attack.

She stated she must take "beta blocker from a heart condition" and "developed . . . high blood pressure," suffered from "lack of sleep," and is "always worried, on edge, and in fear."

¶ 26   Based on our review of the record, the circuit court's finding of severe bodily injury to K.R. was neither unreasonable nor arbitrary, and the opposite conclusion is not clearly apparent. *People v. Langston*, 2024 IL App (5th) 220296, ¶ 40. Accordingly, the circuit court's finding of severe bodily injury is not against the manifest weight of the evidence. *Id.*

¶ 27                                     IV. CONCLUSION

¶ 28   For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 29   Affirmed.