SECOND DIVISION
June 24, 2008

No. 1-07-0763

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | Cook County. |
| v. | ) | |
| | ) | |
| DENNIS THOMPSON, JR., | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Luciano Panici, |
| | ) | Judge Presiding. |
| | ) | |

JUSTICE SOUTH delivered the opinion of the court:

Defendant, Dennis Thompson, Jr., appeals the trial court's denial of his motion for leave to file a successive postconviction petition without an evidentiary hearing. Defendant was convicted of the first degree murders of his father, Dennis Thompson, Sr., and Don Renee Rouse, a female acquaintance of his father, following a bench trial. He was subsequently sentenced to a term of natural life imprisonment, although he had been found eligible for the death penalty.

Defendant's convictions and sentence were affirmed on direct appeal. People v. Thompson, No. 1-96-0711 (1997) (unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23)). Defendant then filed a petition for leave to appeal to the Illinois Supreme Court, which was denied. People v. Thompson, 175 Ill. 2d 551 (1997). Defendant's first postconviction petition, filed on May 21, 1998, was dismissed on the State's motion on May 21, 1999. That dismissal was affirmed by this court on April 26, 2001. People v. Thompson, No. 1-99-2686

(2001) (unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23)). Defendant's petition for leave to appeal to the supreme court was also denied (People v. Thompson, 198 Ill. 2d 606 (2002)), as was his petition for writ of *habeas corpus* in the United States District Court for the Northern District of Illinois (United States ex rel. Thompson v. Briley, No. 04-3110 (N.D. Ill. February 10, 2005)). Defendant's appeal to the Seventh Circuit Court of Appeals was also unsuccessful. Thompson v. Battaglia, 458 F.3d 614 (7th Cir. 2006). Defendant then sought leave to file a second postconviction petition in the trial court, which was denied on March 2, 2007. He now appeals from the order denying him leave to file a successive postconviction petition.

Briefly stated, the evidence presented at trial established that on March 26, 1994, defendant went to his father's house in Dolton, Illinois, armed with a loaded gun. He was upset because his father had beaten his stepmother the previous night. When defendant arrived, he found his father "partying" with Rouse and bragging. Defendant became angry and fatally shot his father in the head from behind at close range. He then fatally shot Rouse; however, she survived long enough to call the police. Defendant told his aunt, Patricia Posey, that he had killed his father, and he subsequently confessed to police and told them where he had disposed of the gun, which was recovered shortly thereafter.

On direct appeal, defendant contended that: (1) his fifth amendment right to testify on his own behalf was violated; (2) he was denied his sixth amendment right to the effective assistance of counsel where his trial counsel (a) failed to move to quash his arrest and suppress postarrest statements, and (b) failed to object to inadmissible hearsay; and (3) the trial court erred by not

granting his motion for reduction of first degree murder to second degree murder based on the existence of mitigating factors. The court declined to address defendant's first argument as it relied on support from documents that were not part of the trial record. The court then concluded that defendant's trial counsel was not ineffective for failing to file a motion to quash his arrest and suppress statements because such a motion would have been denied. Nor was trial counsel ineffective for failing to object to inadmissible hearsay as Rouse's statement was a dying declaration. Finally, the court concluded that the trial court did not err in denying defendant's motion for reduction of first degree murder to second degree murder because defendant's conduct did not constitute second degree murder, and defendant's convictions and sentence were affirmed.

Defendant subsequently filed a postconviction petition through counsel on May 21, 1998, in which he alleged that: (1) he was denied his right to the effective assistance of counsel where his trial counsel (a) failed to file a motion to quash his arrest and suppress statements, (b) prevented him from testifying despite his desire to testify, (c) failed to object to inadmissible hearsay and other evidence, (d) failed to obtain a psychological evaluation of defendant, (e) failed to call available witnesses at the trial and sentencing hearing whom he knew existed and who were willing to testify, and (f) forced him to waive his right to a jury trial; (2) his right to be free from self-incrimination was violated because police asked him two questions before they arrested him and before he was advised of his Miranda rights; and (3) trial counsel violated his right to testify on his own behalf because trial counsel told him not to testify despite his desire to do so. Defendant subsequently withdrew his claims that trial counsel was ineffective for failure to

object to inadmissible hearsay and that the trial court failed to reduce his convictions to second degree murder.

The State filed a motion to dismiss the postconviction petition, arguing that defendant's claims lacked merit and were barred pursuant to principles of waiver. The trial court granted the State's motion and dismissed the petition without an evidentiary hearing.

Defendant appealed, contending that his allegations, treated as true for purposes of the State's motion to dismiss, established violations of his constitutional rights to effective assistance of counsel, due process, a jury trial, freedom from self-incrimination, and his constitutional right to present his own testimony. Finding that defendant's arguments were without merit or barred by *res judicata*, this court affirmed the dismissal of his postconviction petition.

Defendant subsequently filed a motion seeking leave to file a successive *pro se* postconviction motion, in which he contended that his conviction resulted from a substantial denial of his constitutional rights under both the United States Constitution and Illinois Constitution in that
(1) he was denied his right to due process of law where the State presented the perjured testimony of Detective Dodaro and Assistant State's Attorney (ASA) Kathleen Bankhead to secure his conviction; (2) he was denied the reasonable assistance of postconviction counsel required by Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) because postconviction counsel grossly mishandled his case and misinterpreted the prerequisite for which an evidentiary hearing must be held, failed to make meritorious amendments to the petition, and failed to supply the court with sworn affidavits and the transcript record, which was available to her and warranted

4

had she been knowledgeable of the rules governing the filing and supporting of a petition for postconviction relief; (3) he was denied his right to a fair trial and the effective assistance of counsel where the court-appointed trial counsel was constitutionally ineffective for adopting a strategy that required evidence of defendant's mental state and then failing to present any such evidence, and postconviction counsel was ineffective for failing to preserve and present this issue; and (4) he was denied his right to testify at trial and this claim was never properly preserved due to ineffective assistance of trial and appellate counsel and unreasonable assistance of postconviction counsel, which prejudiced defendant during his first postconviction proceedings.

In a written order, the trial court denied defendant's motion for leave to file a second amended petition because all of his issues had previously been addressed in a timely fashion in a prior appeal or prior postconviction petition.  Specifically, the trial court concluded that:  (1) the record showed that a timely appeal was filed in this matter whereby the appellate court reviewed and addressed the same issues that the defendant sought to have reconsidered in his second postconviction petition; (2) after a full review, the appellate court affirmed the trial court on all matters; (3) defendant filed a postconviction petition seeking to have the same issues presented for review and it was summarily denied; and (4) the second postconviction petition attached to the motion seeking leave to file a second amended petition sought to have the same issues reviewed that had already been disposed of on appeal.  This appeal followed.

On appeal, defendant contends that the trial court erred in summarily dismissing his postconviction petition without an evidentiary hearing.  Specifically, defendant raises the

5

following issues: (1) whether he was denied his right to due process of law under the United States and Illinois Constitutions when the State presented the perjured testimony from Detective William Dodaro, ASA Kathleen Bankhead and Hayden Baldwin; (2) whether he was denied the right to the reasonable assistance of postconviction counsel required by Rule 651(c) (134 Ill. 2d R. 651(c)); (3) whether he was denied the right to a fair trial and effective assistance of trial counsel due to counsel's failure to obtain a psychological evaluation; and (4) whether his fifth amendment right to testify as a witness in his own behalf was violated when his trial attorney told him he could not testify despite his insistence to testify.

We initially note that defendant's appeal rests on the faulty premise that the trial court summarily dismissed his petition at the first stage. To the contrary, the trial court denied him leave to file the petition; therefore, his petition never made it to the first stage. See People v. LaPointe, 227 Ill. 2d 39, 44 (2007).

Section 122-1(f) of the Postconviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2006)) states that a defendant may only file one postconviction petition without leave of the court. "Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial postconviction proceedings and prejudice results from that failure." 725 ILCS 5/122-1(f) (West 2006). Section 122-1(f) unequivocally requires that a defendant must obtain the leave of court before filing a successive petition, and if a defendant fails to do so, the court should dismiss any such petition. People v. DeBerry, 372 Ill. App. 3d 1056, 1060 (2007). Section 122-1(f) is a procedural hurdle to any such consideration that the legislature has intentionally chosen to impose regarding such petitions. DeBerry, 372 Ill.

App. 3d at 1060.

A trial court's decision concerning whether to grant a defendant leave to file a successive postconviction petition is controlled by statute. People v. Barber, No. 3-05-0847, slip op. at 3 (March 25, 2008). A court's compliance with statutory procedure is a question of law, which we review *de novo*. People v. Spivey, 377 Ill. App. 3d 146, 148 (2007). Our review is of the trial court's judgment, not the reasons for that judgment. Spivey, 377 Ill. App. 3d at 148. Therefore, our decision is not dependent upon the trial court's reasoning. Spivey, 377 Ill. App. 3d at 148. Accordingly, our inquiry is whether the trial court properly denied defendant's motion for leave to file a successive postconviction petition.

An exception to the rule against successive postconviction petitions holds that claims in successive postconviction petitions may be reviewed when the proceedings on the original postconviction petition were deficient in some fundamental way. People v. McDonald, 364 Ill. App. 3d 390, 393 (2006), quoting People v. Britt-El, 206 Ill. 2d 331, 339 (2002), and People v. Flores, 153 Ill. 2d 264, 273-74 (1992). To determine if the procedural bar to filing a successive postconviction petition should be relaxed as required by fundamental fairness, a court reviews the claim within the petition under the "cause-and-prejudice" test. McDonald, 364 Ill. App. 3d at 393; People v. Smith, 341 Ill. App. 3d 530, 535 (2003). It is the defendant's burden to demonstrate both cause and prejudice for each claim raised in his successive petition. McDonald, 364 Ill. App. 3d at 393; Smith, 341 Ill. App. 3d at 536.

Cause is defined as an objective factor, external to the defense, that impeded the defendant's effort to raise the claim in an earlier proceeding. People v. Pittsonbarger, 205 Ill. 2d

444, 460 (2002). Cause may include a showing that a constitutional claim was so novel that its legal basis was not reasonably available to defendant's counsel. <u>Pittsonbarger</u>, 205 Ill. 2d at 460. When cause is based on a fundamental deficiency in the first postconviction proceeding, the petitioner must show that the deficiency directly affected his ability to raise the specific claim now asserted. <u>Pittsonbarger</u>, 205 Ill. 2d at 462. Prejudice is defined as an error so serious that it affected the entire trial and the resulting conviction violates due process. <u>Britt-El</u>, 206 Ill. 2d at 339. The cause-and-prejudice test, like the test for ineffective assistance of counsel (<u>Strickland v. Washington</u>, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 593, 104 S. Ct. 2052, 2064 (1984)), has two requirements, both of which must be met in order for the petitioner to prevail. <u>Pittsonbarger</u>, 205 Ill. 2d at 464.

In the case at bar, we initially note that defendant did not frame any of his arguments in terms of cause and prejudice. As such, we will not attempt an item-by-item evaluation of any cause he might have for raising these specific issues in his second postconviction petition. Instead, we will consider whether prejudice would result from application of the waiver provision of section 122-3 (725 ILCS 5/122-3 (West 2006)) to these claims. See <u>Pittsonbarger</u>, 205 Ill. 2d at 464.

Here, defendant sought leave to raise the following issues in a successive postconviction petition: (1) that he was denied his right to due process of law where the State presented the perjured testimony of Detective Dodaro and ASA Kathleen Bankhead to secure his conviction; (2) that he was denied the reasonable assistance of postconviction counsel required by Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) because postconviction counsel grossly mishandled his

case and misinterpreted the prerequisite for which an evidentiary hearing must be held, failed to make meritorious amendments to the petition, and failed to supply the court with sworn affidavits and the transcript record, which was available to her and warranted had she been knowledgeable of the rules governing the filing and supporting of a petition for postconviction relief; (3) that he was denied his right to a fair trial and the effective assistance of counsel where the court-appointed trial counsel was constitutionally ineffective for adopting a strategy that required evidence of defendant's mental state and then failing to present any such evidence, and postconviction counsel was ineffective for failing to preserve and present this issue; and (4) that he was denied his right to testify at trial and this claim was never properly preserved due to ineffective assistance of trial and appellate counsel and unreasonable assistance of postconviction counsel that prejudiced defendant during his first postconviction proceedings.

In his first postconviction petition, defendant alleged that: (1) he was denied his right to the effective assistance of counsel where his trial counsel (a) failed to file a motion to quash his arrest and suppress statements, (b) prevented him from testifying despite his desire to testify, (c) failed to object to inadmissible hearsay and other evidence, (d) failed to obtain a psychological evaluation of defendant, (e) failed to call available witnesses at the trial and sentencing hearing whom he knew existed and who were willing to testify, and (f) forced him to waive his right to a jury trial; (2) his right to free from self-incrimination was violated because police asked him two questions before they arrested him and before he was advised of his Miranda rights; and (3) trial counsel violated his right to testify on his own behalf because trial counsel told him not to testify despite his desire to do so. Defendant subsequently withdrew his claims that trial counsel was

ineffective for failure to object to inadmissible hearsay and that the trial court failed to reduce his convictions to second degree murder.

A ruling on an initial postconviction petition has *res judicata* effect with respect to all claims that were raised or could have been raised in the petition. McDonald, 364 Ill. App. 3d at 392-93. Section 122-3 of the Act provides that any claim of a substantial denial of a constitutional right not raised in a defendant's original postconviction petition is waived. 725 ILCS 5/122-3 (West 2006). "There is less interest in providing a forum for the vindication of a defendant's constitutional rights in a successive proceeding because the defendant has already been afforded an opportunity to raise such allegations in his first petition." McDonald, 364 Ill. App. 3d at 393.

A comparison of the allegations that defendant sought to raise in his successive postconviction petition with those raised in his initial postconviction petition reveals that they are essentially the same allegations, with the exception of his contentions that the State presented perjured testimony of three witnesses and that his postconviction counsel provided unreasonable assistance. Accordingly, we find that those allegations are barred by *res judicata* and that defendant has failed to establish how he was prejudiced by not being allowed to raise them again in a successive postconviction petition.

With respect to the allegation that the State presented perjured testimony, this issue could have been raised in defendant's initial petition, and to that end, defendant argues that his postconviction counsel rendered unreasonable assistance by failing to amend the petition to include this and other arguments in violation of Rule 651(c). 134 Ill. 2d R. 651(c).

The right to assistance of counsel in collateral postconviction proceedings is a matter of legislative grace. People v. Pinkonsly, 207 Ill. 2d 555, 567 (2003). A defendant is not entitled to effective assistance of counsel at a postconviction proceeding, but is, however, entitled to a reasonable level of assistance. People v. Peoples, 346 Ill. App. 3d 258, 261 (2004). Allegations of unreasonableness by postconviction counsel do not present a constitutional basis upon which relief can be granted under the Act. Peoples, 346 Ill. App. 3d at 261. When counsel is appointed to represent a postconviction petitioner, counsel is merely charged with " 'shap[ing] [the petitioner's] complaints into the proper legal form and to present those complaints to the court.' " Pinkonsly, 207 Ill. 2d at 569, quoting People v. Owens, 139 Ill. 2d 351, 365 (1990).

Supreme Court Rule 651 governs appeals of postconviction proceedings and imposes requirements on postconviction counsel. 134 Ill. 2d R. 651(c). Rule 651 provides that the record shall show that the counsel consulted with the defendant either by mail or in person to ascertain his contentions of deprivation of constitutional rights, examined the trial record, and made amendments to the *pro se* petition which were necessary for an adequate presentation of the defendant's contentions. 134 Ill. 2d R. 651(c). Our inquiry, for purposes of this appeal, remains whether defendant has established that he was prejudiced by postconviction counsel's failure to raise certain arguments in the initial postconviction petition such that his conviction violates due process. Britt-El, 206 Ill. 2d at 339.

Here, the record shows that postconviction counsel substantially complied with the requirements of Rule 651(c) in that she consulted with him numerous times, reviewed the record and prepared his postconviction petition alleging essentially the same issues as he raises on this

11

appeal, although in a different form. An examination of the record establishes that any omissions by postconviction counsel did not prejudice defendant as his arguments have been heard before numerous tribunals, including this court, all of which concluded, as we do again, that the evidence was overwhelming that defendant fatally shot two unarmed people.

Accordingly, we hold that, as a matter of law, the trial court correctly denied defendant leave to file his successive postconviction petition because he did not meet the requirements of section 122-1(f). 725 ILCS 5/122-1(f) (West 2006). We therefore do not reach the merits of defendant's successive petition as it was not considered filed. See LaPointe, 227 Ill. 2d at 44; DeBerry, 372 Ill. App. 3d at 1060.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

HALL and KARNEZIS, JJ., concur.