2023 IL App (2d) 220184-U
No. 2-22-0184
Order filed May 23, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12-CF-1085 |
| JOSE FLORES-RAMIREZ, | ) ) ) | Honorable James K. Booras, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Postconviction counsel provided unreasonable assistance where he failed to shape defendant's claims into the appropriate legal form.

¶ 2    Defendant, Jose Flores-Ramirez, appeals from the second stage dismissal of his amended petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2018)). He contends that his postconviction counsel did not provide reasonable assistance where he failed to shape the petition into an appropriate legal form. We reverse and remand.

¶ 3                                      I.  BACKGROUND

¶ 4    In 2012, defendant was indicted for seven counts of predatory criminal sexual assault (720 ILCS 5/11-1.40(a)(1) (West 2012)), and he ultimately pleaded guilty to one count. During the guilty plea colloquy, the court admonished defendant of the rights he was waiving by pleading guilty, the potential sentence he faced, and the voluntariness of his plea. Through his interpreter, defendant responded to the court's questions and entered a plea of guilty. In the State's factual basis, it alleged that defendant assaulted his eight-year-old downstairs neighbor. The victim was examined after complaining of pains in her buttocks. A DNA sample was obtained from the victim's anus, and the DNA profile was consistent with that of defendant. The victim also identified defendant as the person who assaulted her. At the close of the hearing, defendant was sentenced to an agreed term of 16 years' imprisonment. Defendant did not file any post-plea motions or a direct appeal.

¶ 5    In 2014, defendant filed a *pro se* postconviction petition that advanced to the second stage. In the petition, defendant alleged that trial counsel was ineffective for: (1) advising him that his statements given to police were obtained legally; (2) failing to move to suppress his statements obtained in violation of his fifth and sixth amendment rights (U.S. Const., amend. V, VI); (3) improperly inducing defendant into pleading guilty by misleading and coercing him and by claiming that defendant did not have a valid defense, and refusing to investigate other possible defenses. Defendant also alleged that he was denied the right to be present at his proceedings where he did not understand the proceedings, and he was misunderstood at the proceedings, due to the interpreter. Finally, defendant asserted that the State knowingly used perjured testimony to obtain his conviction.

¶ 6    Counsel was appointed to represent defendant at the second-stage proceedings. In 2020, counsel filed a certificate of compliance, in accordance with Illinois Supreme Court Rule 651(c)

(eff. Feb. 6, 2013), and a supplement to defendant's *pro se* postconviction petition. In the supplement, counsel alleged that defendant's fifth and sixth amendment rights were violated where he was denied counsel, after a request, and, thereafter, did not knowingly or intelligently waive his rights to counsel or to remain silent because law enforcement failed to provide defendant with *Miranda* warnings.

¶ 7    Thereafter, the State filed a motion to dismiss, alleging that defendant set forth conclusory allegations and failed to establish a cause of action for which relief could be granted. The circuit court granted the State's motion, finding that defendant was fully admonished at the time of the guilty plea; there was no indication that he was unable to properly communicate with or through the interpreter; and there was no indication that defense counsel coerced, misled, or improperly induced defendant into pleading guilty. Further, the court found that, by pleading guilty, defendant waived any errors that may have been presented in a motion to suppress. Defendant's *pro se* postconviction was, therefore, dismissed and this timely appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9    On appeal, defendant argues that he was denied the reasonable assistance of counsel at the second stage of postconviction proceedings because counsel failed to shape both the original petition and the supplement into the appropriate legal form, and counsel's supplement to the original postconviction petition was not supported with outside evidence.

¶ 10    The Act allows a criminal defendant to raise a claim that his or her conviction resulted from a substantial violation of his or her constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2014). The Act establishes a three-stage process for the adjudication of a non-death penalty postconviction petition. *People v. Jones*, 213 Ill. 2d 498, 503 (2004). If a petition is not summarily dismissed at the first stage, it advances to the second stage, where an indigent petitioner can obtain

appointed counsel and the State can move to dismiss the petition or answer. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2014).

¶ 11 As the right to postconviction counsel at the second stage of proceedings is wholly statutory, a postconviction petitioner is entitled to only a reasonable level of assistance. *People v. Thompson*, 383 Ill. App. 3d 924, 931 (2008). When counsel is appointed, counsel is charged with shaping the petitioner's complaints into the proper legal form and presenting them to the court. *Id; People v. Addison*, 2023 IL 127119, ¶ 19. Counsel is not required to file an amended petition in every case; amendments are necessary only when required to adequately present the petitioner's claims. *People v. Turner*, 187 Ill. 2d 406, 412 (1999). Counsel may choose to stand on the petitioner's unamended petition if it adequately presents his or her claims. *People v. Greer*, 212 Ill. 2d 192, 205-06 (2004). Moreover, counsel is under no obligation to amend a petition to advance claims that lack merit. *Id.*

¶ 12 Illinois Supreme Court Rule 651(c) imposes specific duties on postconviction counsel to ensure reasonable assistance. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). Under Rule 651(c), postconviction counsel is required to: (1) consult with the petitioner to ascertain his or her allegations of how he or she was deprived of his or her constitutional rights, (2) examine the record of proceedings from the trial, and (3) amend the petitioner's *pro se* petition as necessary to adequately present his or her contentions. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013). Counsel may file a certificate to show that he or she complied with the requirements of the rule, or the record may demonstrate that counsel complied with those requirements. *People v. Richmond*, 188 Ill. 2d 376, 380 (1999).

¶ 13 Where a Rule 651(c) certificate is filed, the presumption is that postconviction counsel rendered reasonable assistance during second-stage proceedings in substantial compliance with

the rule. *People v. Smith*, 2022 IL 126940, ¶ 29. The petitioner has the burden of overcoming the presumption. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. Further, it is error to dismiss a postconviction petition on the pleadings where there has been inadequate representation by counsel. *Addison*, 2023 IL 127119, ¶ 33.

¶ 14      Here, postconviction counsel filed a Rule 651(c) certificate, stating that he consulted with defendant by phone and mail, examined the guilty plea record of the proceedings, and made any amendments/supplements to the petition necessary for the adequate presentation of defendant's claims. Thus, we presume counsel provided reasonable assistance. However, we review *de novo* whether counsel actually provided reasonable assistance. *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 31.

¶ 15      Defendant argues that postconviction counsel acted unreasonably, where he failed to shape both the original petition and the supplement into the proper legal form, and he failed to support the petition with outside evidence. Because we agree that, where counsel failed to avoid the application of forfeiture, he failed to shape the *pro se* petition and his supplement into proper legal form, thus, we need not address the remainder of defendant's claims.

¶ 16      First, we address defendant's claim that the presumption of compliance is rebutted by counsel's failure to amend the petition to cure the legal deficiencies in defendant's *pro se* claim of ineffective assistance and to include further allegations of ineffective assistance for counsel's failure to file a motion to withdraw defendant's plea and file a direct appeal. Rule 651(c) requires the record on appeal to demonstrate that counsel made amendments to the *pro se* petition necessary for an adequate presentation of the petitioner's contentions. *People v. Johnson*, 154 Ill. 2d 227, 243 (1993). The duty to adequately present the petitioner's claims "necessarily includes attempting to overcome procedural bars *** that will result in dismissal of a petition if not rebutted." *Perkins*,

229 Ill. 2d at 44. Forfeiture, due to failing to allege ineffective assistance of counsel, is one such instance where the supreme court has held that counsel acts unreasonably by failing to cure this procedural bar. *Addison*, 2023 IL 127119, ¶ 30.

¶ 17      In *Addison*, the court held that the defendant was denied reasonable assistance of counsel where counsel amended the postconviction petition and omitted claims of ineffective assistance of appellate counsel, which left the defendant's claims subject to procedural default. *Id.* ¶ 30. The court noted that "the failure to allege ineffective assistance of appellate counsel when necessary to overcome a forfeiture was a violation of Rule 651(c)." *Id.* ¶ 27. Moreover, the court held that the case should be remanded without consideration of the petition's underlying claims, as "[o]ur case law [] clearly establishes that all postconviction petitioners are entitled to have counsel comply with the limited duties of Rule 651(c) before the merits of their petitions are determined." *Id.* ¶ 37.

¶ 18      Here, defendant filed a *pro se* postconviction petition, alleging that trial counsel was ineffective for advising him that the statements he made to police were legally obtained. Defendant also alleged fifth and sixth amendment violations in relation to his police interrogation. Postconviction counsel filed a supplement to the petition, alleging that defendant did not knowingly and intelligently waive his rights where he was not given *Miranda* warnings prior to speaking with law enforcement officers and that any documents that were provided to him during the interrogation were not meaningful because he was not able to read them due to his limited educational capacity and a language barrier. Counsel also alleged that defendant was denied his right to counsel when he asked for an attorney during the interrogation and that request was not scrupulously honored.

¶ 19      Counsel's supplement, however, failed to amend defendant's petition to circumvent forfeiture. Postconviction counsel failed to allege that trial counsel was ineffective for failing to

raise defendant's constitutional claims in a motion to withdraw defendant's guilty plea or to pursue a direct appeal. Moreover, the supplement failed to amend defendant's legally deficient claim of ineffective assistance by asserting that, had this issue been raised in the circuit court, defendant probably would have been successful in his suppression claims.

¶ 20    To circumvent the application of forfeiture, counsel needed to properly allege trial counsel's ineffectiveness. *Turner,* 187 Ill. 2d at 412-13. The fact that counsel added the *Miranda* claim to supplement defendant's claims that his fifth and sixth amendment rights were violated reveals that counsel believed that these issues had at least some merit, as counsel has an ethical obligation not to advance spurious claims. *Addison*, 2023 IL 127119, ¶ 26; *People v. Kuehner*, 2015 IL 117695, ¶ 15; *People v. Greer*, 212 Ill. 2d 192, 205 (2004). In contrast, if counsel felt these claims lacked merit, he was obliged to omit them altogether. But, by supplementing a claim and implying that these issues were valid, counsel asserted that there was a good faith basis to allege a constitutional violation occurred; however, counsel neglected to present the claims in a manner that would allow the court to address these errors. *Addison*, 2023 IL 127119, ¶¶ 21, 26 ("for an attorney to identify claims worth pursuing but then fail to shape them into proper form," that is unreasonable assistance). Accordingly, despite the Rule 651(c) certificate, the record rebuts the presumption of reasonable assistance.

¶ 21    Finally, because we find counsel violated Rule 651(c), defendant need not make an additional showing of prejudice. It is well established that where counsel does not fulfill his or her duties under Rule 651(c), remand for a new second-stage proceeding is required " ' regardless of whether the claims raised in the petition had merit.' " *Id.* ¶¶ 33, 37 (quoting *Suarez*, 224 Ill. 2d at 51). Accordingly, we remand this cause for compliance with Rule 651(c).

¶ 22                                    III. CONCLUSION

¶ 23    For the foregoing reasons, we vacate the judgment of the circuit court of Lake County and remand the cause for compliance with Rule 651(c) and to allow defendant to replead his postconviction petition.

¶ 24    Vacate and remand.