NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230054-U

NO. 4-23-0054

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 13, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Hancock County |
| KEVIN R. SIMMONS, | ) | No. 03CF74 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Rodney G. Clark, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Cavanagh and Zenoff concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court granted appellate counsel's motion to withdraw and affirmed
the trial court's judgment as no issue of arguable merit could be raised on appeal.

¶ 2   Defendant, Kevin R. Simmons, appeals from the trial court's denial of his motion

for leave to file a successive postconviction petition. On appeal, the Office of the State Appellate

Defender (OSAD) was appointed to represent him. OSAD now moves to withdraw as counsel on

the ground no issue of arguable merit can be raised on appeal. Despite being given the

opportunity, defendant did not file a response to the motion to withdraw. After reviewing the

record, we grant OSAD's motion and affirm the court's judgment.

¶ 3                          I. BACKGROUND

¶ 4                          A. Jury Trial

¶ 5        In June 2003, defendant was charged with first degree murder (720 ILCS 5/9-1(a)(2) (West 2002)) and involuntary manslaughter (720 ILCS 5/9-3(a) (West 2002)) for the death of his wife, Kathy Simmons. At trial, Raymond Boston testified he observed Kathy lying in the driveway outside of her home. Kathy told Boston she had been "laying there for hours," and that she had tripped off the porch. Kathy declined Boston's multiple offers to call 911. Boston contacted Mark Jacobs, who arrived, and they both assisted Kathy into a chair. Kathy eventually became unconscious and stopped breathing. Jacobs called 911 and was instructed to begin performing cardiopulmonary resuscitation.

¶ 6        Hancock County Sheriff's Deputy Jason Livingston testified he spoke to defendant after Kathy had been taken to the hospital. Defendant told Livingston he last spoke to Kathy at 9:30 that morning. Defendant told Livingston he had observed several empty beer cans in the kitchen and was concerned Kathy had been drinking. Kathy was transported by helicopter to Saint Francis Hospital in Peoria, Illinois. However, because Kathy went into cardiac arrest en route, the helicopter made an emergency stop at McDonough District Hospital in Macomb, Illinois.

¶ 7        Dr. Edwin Card testified he treated Kathy when she arrived at McDonough District Hospital. Card discovered Kathy's liver had been severely lacerated and performed an emergency surgery to stabilize her condition so she could be flown to Saint Francis Hospital. Card stated Kathy's liver injury was unlikely caused by falling from a porch but could have been caused by being kicked in the abdomen. After arriving at Saint Francis Hospital, Kathy died from her injuries.

¶ 8        Dr. Brian Mitchell testified he performed an autopsy on Kathy. Kathy's liver laceration was caused by blunt force trauma due to being assaulted. Mitchell documented 33

bruises on Kathy's body. Mitchell stated a fall from a porch would not have caused the bruising to the various parts of Kathy's body, nor would it have caused the laceration to her liver. Mitchell testified Kathy's injuries were caused by a severe beating.

¶ 9        Kane Simmons, Kathy and defendant's son, testified he witnessed defendant physically abuse Kathy approximately four years earlier. Kane stated he had intervened to stop defendant from physically harming Kathy. Kristi Simmons, Kathy and defendant's daughter, testified she observed defendant physically abuse Kathy on multiple occasions, including approximately four years earlier, before she moved out of their home.

¶ 10        Benny Dowell testified he spoke with defendant while they were incarcerated together after Kathy's death. Defendant told Dowell he pushed Kathy off the porch and then struck Kathy with piece of wood and kicked her. Dowell also stated he overheard defendant on the phone in the jail tell his sister to get rid of the piece of wood. A recorded jail phone call reflected defendant told his sister to retrieve the stick from defendant's former attorney's office. Prior to Dowell's testimony, defendant called Dowell a "snitch." In court, Dowell stated he was not promised anything for his testimony.

¶ 11        Dr. Karla Fischer testified as an expert on domestic violence. Fischer discussed "battered woman syndrome" and referred to it as the psychological effects of domestic violence. Fischer stated she was not familiar with Kathy's specific circumstances. Fischer testified about the different categories of abuse that occur in violent domestic relationships. Over time, victims of abuse will internalize rules set by their abuser. Victims of abuse will cope by denying, minimizing, and rationalizing the abuse they endure. Fischer stated less than one-half of 1% of abusive acts are reported to police. Further, it is common for victims of domestic violence to deny they were abused.

¶ 12     The jury found defendant guilty of first degree murder.

¶ 13                              B. Direct Appeal

¶ 14     We recite below only those facts relevant to resolve the issues involved in this appeal. On direct appeal, defendant raised four issues: (1) the trial court erred when it admitted Fischer's testimony regarding the behavior of victims of domestic violence; (2) the court erred when it admitted Kristi's and Kane's testimony regarding defendant's abuse of Kathy; (3) testimony elicited by the State regarding other crimes by defendant deprived him of a fair trial; and (4) the cumulative effect of these three errors warranted a new trial. The appellate court affirmed. *People v. Simmons*, No. 3-04-0918 (June 30, 2006) (unpublished order under Illinois Supreme Court Rule 23).

¶ 15                          C. Postconviction Petitions

¶ 16     In May 2007, defendant filed his first postconviction petition. The trial court appointed postconviction counsel, who filed an amended petition alleging a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), based on the State's failure to disclose an agreement with Dowell to dismiss his cases in exchange for his testimony at defendant's trial. The court denied defendant's petition after an evidentiary hearing. Defendant appealed, and the appellate court affirmed. *People v. Simmons*, No. 3-08-0463 (Dec. 31, 2009) (unpublished order under Illinois Supreme Court Rule 23).

¶ 17     In December 2022, defendant filed a motion for leave to file a successive postconviction petition. Defendant argued his trial violated multiple provisions of the United States and Illinois Constitutions because (1) the State put Kathy's mental state at issue and (2) he was not afforded the opportunity to cross-examine Kathy to determine if she was actually a victim of domestic violence because she was deceased. Additionally, defendant asserted his trial

- 4 -

counsel was ineffective for failing to rebut Fischer's testimony with a defense expert.

¶ 18    The trial court denied the motion for leave, finding defendant failed to (1) establish cause as he did not "identify an objective factor that impeded his ability to raise [his] claim" in his initial postconviction petition and (2) demonstrate prejudice. Defendant filed a timely notice of appeal and the court appointed OSAD to represent him on appeal.

¶ 19    This appeal followed.

¶ 20                                    II. ANALYSIS

¶ 21    On appeal, OSAD filed a motion to withdraw as counsel and a supporting brief in compliance with *Anders v. California*, 386 U.S. 738 (1967). OSAD provided defendant a copy of its motion and supporting memorandum. This court granted defendant leave to file additional points and authorities on or before June 2, 2023. Defendant has not responded. For the reasons that follow, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 22                          A. The Post-Conviction Hearing Act

¶ 23    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) permits a defendant to file a petition alleging errors "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2022). Postconviction proceedings are collateral to proceedings on direct appeal, centering on constitutional claims that were not and could not have been previously decided. *People v. Moore*, 2023 IL App (4th) 210245, ¶ 44. Therefore, issues raised and adjudicated on direct appeal are barred by *res judicata* and issues "that could have been raised but were not" are precluded by forfeiture. *Id.*

¶ 24 "The Act itself contemplates the filing of a single petition." *People v. Lusby*, 2020 IL 124046, ¶ 27, 182 N.E.3d 563. However, there are two bases upon which the bar against successive proceedings will be relaxed. *People v. Edwards*, 2012 IL 111711, ¶ 22, 969 N.E.2d 829. "The first basis for relaxing the bar is when a petitioner can establish 'cause and prejudice' for the failure to raise the claim earlier." *Id.* "The second basis by which the bar to successive postconviction proceedings may be relaxed is what is known as the 'fundamental miscarriage of justice' exception." *Id.* ¶ 23. However, "[t]o demonstrate such a miscarriage of justice, a petitioner must show actual innocence." *People v. Pitsonbarger*, 205 Ill. 2d 444, 459, 793 N.E.2d 609, 621 (2002). Here, defendant's motion does not make a claim of actual innocence. Consequently, our focus is the "cause and prejudice" basis.

¶ 25 Section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2022)) provides a defendant must show (1) cause for failing to raise a claim in defendant's initial postconviction petition and (2) prejudice resulting from defendant's failure to raise the claim to obtain leave of court. *Moore*, 2023 IL App (4th) 210245, ¶ 45. Establishing cause requires the defendant to identify an objective factor that impeded the defendant's ability to raise the claim in the initial postconviction petition. *Id.* Showing prejudice requires the defendant to articulate how a "claim not raised during the initial proceeding so infected the trial that the resulting conviction or sentence violated due process." *Id.* "For a defendant to obtain leave to file a successive postconviction petition, *both* prongs of the cause-and-prejudice test must be satisfied." (Emphasis added.) *People v. Ryburn*, 2019 IL App (4th) 170779, ¶ 20, 134 N.E.3d 348.

¶ 26 "[T]he cause-and-prejudice determination [is] made on the pleadings prior to the first stage of postconviction proceedings." *People v. Smith*, 2014 IL 115946, ¶ 33, 21 N.E.3d 1172. "To meet the cause-and-prejudice test for a successive petition requires the defendant to

'submit enough in the way of documentation to allow a circuit court to make that determination.' " *Id.* ¶ 35 (quoting *People v. Tidwell*, 236 Ill. 2d 150, 161, 923 N.E.2d 728, 734-35 (2010)). A defendant's motion for leave should be denied "when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *Smith*, 2014 IL 115946, ¶ 35. "An appellate court reviews the first-stage dismissal of a postconviction petition *de novo*." *People v. White*, 2020 IL App (4th) 160793, ¶ 26, 153 N.E.3d 1084.

¶ 27                                    B. This Case

¶ 28            On appeal, OSAD considered raising whether (1) the trial court complied with the procedural requirements of the Act; (2) defendant's claims regarding Fischer's testimony are barred by *res judicata*; (3) defendant demonstrated cause and prejudice regarding Fischer's testimony; and (4) defendant established cause and prejudice regarding his ineffective assistance of counsel claim. OSAD concluded the issues are without arguable merit and has moved to withdraw.

¶ 29                            1. *Compliance with the Act*

¶ 30            First, OSAD analyzed whether any procedural error occurred warranting reversal and concluded no such error exists. We agree.

¶ 31            "The Act provides a three-stage process for the adjudication of postconviction petitions." *People v. Buffer*, 2019 IL 122327, ¶ 45, 137 N.E.3d 763. "At the first Stage, the circuit court has 90 days to review a petition and may summarily dismiss it if the court finds it is frivolous and patently without merit." *People v. Pendleton*, 223 Ill. 2d 458, 472, 861 N.E.2d 999, 1007 (2006). "If the petition is not dismissed within that 90-day period, the circuit court must

- 7 -

docket it for further consideration." *Id.* Once a postconviction petition moves from the first to the second stage, the trial court may appoint counsel to represent the defendant and the State may file responsive pleadings. *People v. House*, 2021 IL 125124, ¶ 17, 185 N.E.3d 1234.

¶ 32    Defendant filed his motion for leave to file a successive postconviction petition on December 7, 2022. The trial court denied defendant's motion 27 days later, on January 3, 2023. Nothing in the record indicated the State offered any input or participated in the court's denial of defendant's motion. Because the dismissal occurred within the 90-day period allowed and there is no evidence the State improperly participated in the court's denial, no procedural error was committed in the court's dismissal of defendant's motion.

¶ 33                    2. *Res Judicata Regarding Fischer's Testimony*

¶ 34    Next, OSAD evaluated defendant's argument Fischer's testimony placed Kathy's "mental state" at issue and deprived him of the opportunity to cross-examine Kathy because she was deceased, violating (1) his right to a trial by jury (Ill. Const. 1970, art. 1, § 13), (2) due process clauses (U.S. Const., amends. V, XIV; Ill. Const. 1970, art. 1, § 2), and (3) confrontation clauses (U.S. Const., amend. VI; Ill. Const. 1970, art. 1, § 8). However, defendant's constitutional claims regarding Fischer's testimony are barred by the doctrine of *res judicata*.

¶ 35    As previously stated, "[t]he purpose of a postconviction proceeding is to permit inquiry into constitutional issues involved in the original conviction and sentence that were not, and could not have been, adjudicated previously on direct appeal." *People v. English*, 2013 IL 112890, ¶ 22, 987 N.E.2d 371. "Issues that were raised and decided on direct appeal are barred by *res judicata*, and issues that could have been raised on direct appeal, but were not, are forfeited." *Id.* Moreover, " '[a] defendant cannot obtain relief under the [Act] by rephrasing previously addressed issues in constitutional terms.' " *People v. Haines*, 2021 IL App (4th)

190612, ¶ 19, 188 N.E.3d 825 (quoting *People v. Franklin*, 167 Ill. 2d 1, 23, 656 N.E.2d 750 (1995)); see *People v. Gaines*, 105 Ill. 2d 79, 90, 473 N.E.2d 868, 874 (1984) (stating *res judicata* cannot "be defeated by rephrasing previously addressed issues in constitutional terms when raising them in [a] post-conviction petition").

¶ 36        On direct appeal, defendant argued Fischer's testimony impinged on the jury's ability to determine the credibility of Kathy's statement to Boston. The State argued the purpose of Fischer's testimony was to explain why Kathy told Boston she had fallen off the porch and asked him not to call 911. In 2006, the appellate court affirmed, finding the trial court did not abuse its discretion in permitting Fischer to testify. *Simmons*, No. 3-04-0918 at 17. Additionally, the appellate court found Fischer's testimony was offered to explain Kathy's behavior, not impeach her statements to Boston. *Id.*

¶ 37        Defendant's prior argument that Fischer's testimony touched on Kathy's credibility is recast to assert Fischer's testimony touched on Kathy's mental state and—because Kathy was deceased—he was unable to cross-examine her. However, "a purpose of cross-examination is to test the witness' credibility." *Gossard v. Kalra*, 291 Ill. App. 3d 180, 182, 684 N.E.2d 410, 412 (1997). Defendant's argument simply rephrases his previously raised issue with Fischer's testimony pertaining to Kathy's statements to Boston with a more expansive set of alleged constitutional violations. This court already addressed the admissibility of Fischer's testimony during the direct appeal. We previously rejected defendant's claim the trial court erred by admitting Fischer's testimony at trial. Consequently, we conclude his attempt to reframe the same argument in a postconviction petition as various violations of both the Illinois and United States Constitutions is barred by *res judicata*.

¶ 38        3. *Cause and Prejudice Regarding Fischer's Testimony*

¶ 39　　　　　Further, even if defendant's contention that Fischer's testimony violated various constitutional provisions was not barred by *res judicata*, he has not made sufficient allegations to satisfy the elements of the cause-and-prejudice test.

¶ 40　　　　　Section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2020)) provides a defendant must show (1) cause for failing to raise a claim in the defendant's initial postconviction petition and (2) prejudice resulting from the defendant's failure to raise the claim to obtain leave of court. *Moore*, 2023 IL App (4th) 210245, ¶ 45. Showing cause requires identifying an objective factor that impeded the defendant's ability to raise the claim in the initial postconviction petition. *Id.* Showing prejudice requires the defendant to articulate how a "claim not raised during the initial proceeding so infected the trial that the resulting conviction or sentence violated due process." *Id.* "For a defendant to obtain leave to file a successive postconviction petition, *both* prongs of the cause-and-prejudice test must be satisfied." (Emphasis added.) *Ryburn*, 2019 IL App (4th) 170779, ¶ 20.

¶ 41　　　　　Defendant argues Fischer's testimony placing Kathy's "mental state" at issue and his inability to cross-examine Kathy was a matter of first impression, resulting in a showing of cause. see *People v. Thompson*, 383 Ill. App. 3d 924, 929, 890 N.E.2d 1119, 1125 (2008) ("Cause may include a showing that a constitutional claim was so novel that its legal basis was not reasonably available to defendant's counsel.").

¶ 42　　　　　As the appellate court found on direct appeal, Fischer's testimony was not offered to impeach Kathy. Fischer's testimony was offered as a qualified expert to explain how a victim of domestic violence may behave. As the court noted, "[Fischer's] testimony simply gave the jury information which it could use to form its own conclusion, should jurors decide to believe" Kane's and Kristi's testimony. *Simmons*, No. 3-04-0918 at 18. Additionally, Fischer's testimony

was not novel. On direct appeal, the court noted, in *People v. Turner*, 241 Ill. App. 3d 236, 243, 608 N.E.2d 906, 912 (1993), no error was found where a police officer testified it was not unusual for child victims of sexual abuse to deny being abused when first confronted. *Simmons*, No. 3-04-0918 at 18.

¶ 43　　　　We also note the issue of expert testimony and battered woman syndrome arose in *People v. Howard*, 305 Ill. App. 3d 300, 712 N.E.2d 380 (1999), several years before defendant's trial. The *Howard* court found the trial court abused its discretion in permitting the expert testimony of a psychologist on battered woman syndrome because it did not aid the jury in reaching its conclusion and bolstered the credibility of a witness. *Id.* at 308-09. In this case, Fischer's testimony was offered to explain Kathy's behavior and did not bolster the credibility of any witness. In fact, on direct appeal, the court stated Fischer's testimony aided the jury only insofar as the jury found Kane and Kristi's testimony credible. *Simmons*, No. 3-04-0918 at 18. Thus, there is nothing novel about Fischer's testimony that would show cause for why defendant could not have raised the issue in his initial postconviction petition. Because defendant must satisfy both requirements of the cause-and-prejudice test and he fails to satisfy the cause requirement, we need not address whether he has met the prejudice requirement. *People v. Balle*, 379 Ill. App. 3d 146, 151, 882 N.E.2d 1275, 1279 (2008).

¶ 44　　　　4. *Cause and Prejudice Regarding Ineffective-Assistance-of-Counsel Claim*

¶ 45　　　　Finally, OSAD considered defendant's argument his trial counsel was ineffective for failing to call an expert witness to rebut Fischer's testimony.

¶ 46　　　　Defendant's motion for leave fails to show an objective factor interfered with his ability to raise the issue of ineffective assistance of counsel for failure to call an expert witness to rebut Fischer's testimony in his initial postconviction petition. The same record available to

defendant now was available to him during his original postconviction petition. Moreover, defendant provides no explanation why he did not include his ineffective assistance claim in his initial petition. Thus, defendant fails to make a *prima facie* cause showing for the purpose of satisfying the cause-and-prejudice test. Even assuming, *arguendo*, defendant could show cause, he has not shown trial counsel's failure to call an expert witness to rebut Fischer's testimony prejudiced him.

¶ 47 Claims of ineffective assistance of counsel are guided by the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), which requires a defendant to show both that (1) counsel's performance "fell below an objective standard of reasonableness" and (2) the deficient performance prejudiced the defense. "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *People v. Hodges*, 234 Ill. 2d 1, 17, 912 N.E.2d 1204, 1212 (2009). A defendant must satisfy both prongs, and the failure to satisfy either precludes an argument defendant received ineffective assistance of counsel. *People v. Wilborn*, 2011 IL App (1st) 092802, ¶ 76, 962 N.E.2d 528.

¶ 48 Generally, decisions about which witnesses to call at trial and what evidence to present are matters of trial strategy. *Id.* ¶ 79. Matters of trial strategy "are generally immune from claims of ineffective assistance of counsel." *Id.* Under the Act, a claim that counsel was ineffective for failing to call a witness to testify at trial generally must be supported by an evidentiary affidavit from the proposed witness. *People v. Johnson*, 183 Ill. 2d 176, 192, 700 N.E.2d 996, 1004 (1998). In the absence of such an affidavit, a reviewing court cannot determine

whether the proposed witness could have provided testimony or information favorable to the defendant. *Id.*

¶ 49 Here, defendant did not attach to his petition an affidavit from any purported expert witness to counter Fischer's testimony, nor did he identify any potential expert witness. For this reason alone, defendant's ineffective assistance claim fails. *Id.*; see *People v. Delton*, 227 Ill. 2d 247, 255, 882 N.E.2d 516, 520 (2008) (stating failure to support postconviction petition with some factual documentation or some explanation of its absence justifies summary dismissal). The standard set forth in *Strickland* requires a defendant to "affirmatively prove" prejudice resulted from trial counsel's error. *Strickland*, 466 U.S. at 693. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* " 'Satisfying the prejudice prong necessitates a showing of actual prejudice, not simply speculation that [the] defendant may have been prejudiced.' " *People v. Johnson*, 2021 IL 126291, ¶ 55, 202 N.E.3d 220 (quoting *People v. Patterson*, 2014 IL 115102, ¶ 81, 25 N.E.3d 526).

¶ 50 Moreover, defendant's contention is far too speculative, as he does not describe the testimony a potential rebuttal expert witness would offer to support his allegation. Further, any prejudice claim would require this court to assume the jury would have found such testimony credible and a refutation of Fischer's testimony. It is a "well-established rule that prejudice under *Strickland* cannot be based on mere conjecture or speculation." (Internal quotation marks omitted.) *Id.* ¶ 58. Because defendant cannot show prejudice, we need not address trial counsel's performance. *People v. Ashford*, 168 Ill. 2d 494, 502, 660 N.E.2d 944, 948 (1995) (stating where a "defendant fails to show prejudice, we need not address the adequacy of trial counsel's performance").

¶ 51                                    III. CONCLUSION

¶ 52            For the reasons stated, we conclude there are no issues of arguable merit

defendant can raise on appeal. Accordingly, we grant OSAD's motion to withdraw and affirm

the trial court's judgment.

¶ 53            Affirmed.